**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-4273**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

KENNETH LOUIS REID,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Frank D. Whitney, District Judge.  (3:03-cr-00225-FDW-DCK-1)

---

Submitted:  June 23, 2010          Decided:  July 6, 2010

---

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Louis Reid timely appeals the 240-month sentence imposed following his guilty plea to one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841 (2006). Reid's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court: (1) found a sufficient factual basis to accept Reid's guilty plea; (2) failed to ensure Reid's guilty plea was knowing and voluntary; and (3) erred in sentencing Reid to the statutory mandatory minimum sentence. Reid filed a pro se supplemental brief, claiming that his guilty plea was induced and involuntary. Reid later filed an amended pro se supplemental brief alleging ineffective assistance of counsel. Finding no reversible error, we affirm.

Because Reid did not move to withdraw his guilty plea or raise any objections to the Federal Rule of Criminal Procedure 11 ("Rule 11") colloquy in the district court, we review for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002); United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights."

2

United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if we determine that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also Martinez, 277 F.3d at 532 (holding that a defendant must demonstrate that he would not have pled guilty but for the error).

Counsel first argues that the district court failed to ensure a factual basis for the plea. Prior to accepting a guilty plea, the district court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). At the sentencing hearing, the parties stipulated to the facts in the Presentence Investigation Report ("PSR") as forming a sufficient factual basis for the plea. Upon review, we find that the district court did not err in accepting the facts as set out in the PSR.

Counsel next questions whether Reid's guilty plea was knowing and voluntary and whether Reid was competent to enter a guilty plea. Reid argues the same points in his pro se supplemental brief, claiming that counsel coerced him into

3

pleading guilty, that he did not understand the nature of the charge and consequences of his plea, and that he has diminished mental capacity. However, there is no indication in the record that Reid has diminished mental capacity beyond Reid's bald assertions. Additionally, Reid's sworn statements during the plea colloquy belie his remaining assertions. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Therefore, we find Reid's arguments without merit. Our review of the plea colloquy reveals that the magistrate judge otherwise substantially complied with the requirements of Rule 11 in ensuring Reid's guilty plea was knowing and voluntary.

Counsel next questions whether the district court should have departed below the statutory mandatory minimum 240-month sentence based on substantial assistance. Pursuant to 18 U.S.C. § 3553(e) (2006) and USSG § 5K1.1, the district court may only impose a sentence below the statutory mandatory minimum based on substantial assistance if the government makes a motion permitting the district court to do so. The Government did not do so; thus, the court had no authority to depart below that sentence. See 18 U.S.C. § 3553(e); Melendez v. United States, 518 U.S. 120, 125-26 (1996).

In his amended pro se supplemental brief, Reid also claims that counsel was ineffective for failing to bring his

4

mental and emotional problems to the district court's attention, resulting in the denial of a competency hearing. A defendant may raise a claim of ineffective assistance of counsel "on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). To prove ineffective assistance the defendant must show two things: (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Our review of the record reveals no conclusive evidence that Reid's counsel did not adequately represent him. Accordingly, we decline to consider on direct appeal Reid's assertion that his attorney failed to render effective assistance.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Reid, in writing, of his right to

5

petition the Supreme Court of the United States for further review.  If Reid requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Reid.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED